## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL BRACY d/b/a THE TOY BOX and GULF COAST AMUSEMENT SERVICES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL NO. 1:16-cv-00434-CG-M |
| THE CITY OF PRICHARD, ALABAMA, A MUNICIPAL CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant City of Prichard's Motion

for Summary Judgment and Memorandum in Support (Docs. 36 & 37),

Plaintiffs Nathanial Bracy d/b/a The Toy Box and Gulf Coast Amusement

Services, LLC's Response and supporting documents (Docs. 43, 44, 45 & 47),

and Defendant's Reply (Doc. 49). For the reasons stated below, Defendant's

motion for summary judgment is due to be granted.

## I. Background

This case arises from allegations that the City of Prichard violated the

Equal Protection Clause of the Fourteenth Amendment to the Constitution

when it denied business licenses to operate Plaintiffs' two separate

nightclubs. One establishment, The Toy Box, was owned by Nathaniel Bracy

("Bracy"). (Doc. 43, p. 2 ¶ 6).  The other establishment, Suga's, was managed

by Tommie Holmes ("Holmes"), a member of Gulf Coast Amusement Services, LLC ("Gulf Coast"). (Doc. 37, p .1). Bracy and Holmes acted as business partners in operating both clubs. (Doc. 47, p. 4).

## A. The Toy Box

In 2011, Bracy began assisting in the operation of Club Seduction, a nightclub located in Prichard. (Doc. 43, p. 2 ¶ 4). Bracy was not the owner of Club Seduction. (Doc. 43, p. 1 ¶ 2).

In May 2012, Club Seduction d/b/a The Toy Box filed an application for a business license renewal. (Doc. 43, p. 2 ¶ 6). Bracy was listed as the owner of the business on the renewal application. (Doc. 43, p. 2 ¶ 6). Though Bracy listed himself as the owner on the renewal application, Bracy had not filed a change of ownership form with Defendant prior to filing the renewal application. (Doc. 37, p. 8). Additionally, at the time Bracy filed the renewal application listing himself as the owner, Defendant had yet to receive a new application for a business license in connection with Club Seduction or The Toy Box. *Id*. While Bracy notes the renewal application gave notice that Club Seduction was operating under a new name, The Toy Box, and with a new owner, Nathaniel Bracy, (Doc. 43, p. 2 ¶ 6), Defendant viewed Bracy's business license renewal as being issued to the former owners, the Smiths, since Bracy had not filed a change of ownership form before he filed the renewal application. (Doc. 37, p. 8).

In March 2013, Defendant issued Bracy a citation for operating the business without a license. (Doc. 43, p. 4 ¶ 13). Following the issuance of the citation, Bracy requested that he be placed on the City Council agenda to request a business license for The Toy Box. (Doc. 43, p. 4 ¶ 14). Bracy presented his request for the business license on April 4, 2013. (Doc. 43, p. 4 ¶ 15). On April 10, 2013, former City Attorney Jerome Carter ("Carter") prepared a report recommending that Bracy's request for the business license be denied. (Doc. 43, p. 4-5 ¶ 16). On April 11, 2013, Bracy's request for the business license in connection with the Toy Box came before the City Council again, and the City Council unanimously denied the request based upon Carter's recommendation. (Doc. 43, p. 5 ¶¶ 18-19). Bracy did not file an appeal. (Doc. 43, p. 5 ¶ 20).

**B. Gulf Coast d/b/a Suga's**

The Toy Box shut down some time in 2013, and the business transferred to Suga's. (Doc. 49-1, pp. 3-4)  Mr. Holmes[1], who had worked at The Toy Box, testified that he visited Prichard City Hall in 2014 to obtain a business license for Suga's. (Doc. 43, p. 6-7 ¶ 25). According to Holmes, he spoke with Racquel Jones ("Jones"), former City of Prichard Business License Investigator, during January, March, and May of 2014 regarding a business license in connection with Suga's. (Doc. 37, p. 10). However, Jones does not remember ever conversing with Holmes about Suga's business license. *Id*.

---

[1] Bracy testified that he was a silent partner in Suga's and that Holmes was one of the owners (Doc. 49-1, p. 3).

Jones searched the records of the City of Prichard and has been unable to locate any business application made by Holmes in connection with Suga's. (Doc. 43, p. 7 ¶ 26). Additionally, Jones is not aware of any requests made by Holmes to appear before the Prichard City Council to request a business license be issued to Suga's. (Doc. 43, p. 7 ¶ 27). Furthermore, Jones is not aware of any appeal of any denial of a request for a business license by Holmes for Suga's. (Doc. 43, p. 7 ¶ 27). Suga's ceased operation on August 14, 2014. (Doc. 49-2, pp. 8-9).

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on August 15, 2016. (Doc. 1).

## II. Standard of Review for Summary Judgment

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317 (1986) (footnote omitted)). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). The mere existence, however, of any factual dispute will not necessarily compel denial of a motion for summary judgment; rather, only material factual disputes preclude entry of summary judgment. *Lofton v. Secretary of Dep't of Children and Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004).

## III. Analysis

Defendant moves for summary judgment on the basis that no genuine issue of material fact exists as to Plaintiffs' claims arising under 42 U.S.C. § 1983 ("§ 1983"). (Doc. 37). Defendant proffers six grounds for summary judgment. (Doc. 37). The Court goes no further in its analysis than the first proffered ground, as it is dispositive. Defendant contends Plaintiffs' claims are time-barred by the applicable two-year statute of limitations under § 1983.

### A. Statute of Limitations Under 42 U.S.C. § 1983

In § 1983 federal law suits, "federal courts are to borrow the 'general' or 'residual' statute of limitations for personal injuries provided under the

law of the state where the court hearing the case sits." *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992) (quoting *Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989)). Personal injury actions in Alabama "must be brought within two years." Ala. Code § 6-2-38(l). Therefore, the statute of limitations for § 1983 actions in Alabama is "two years from when the claim accrues." *Brown v. Fountain*, 2017 U.S. Dist. LEXIS 110559 at *15-16 (Ala. S.D. July 13, 2017) (citations omitted); Ala. Code § 6-2-38(l).

Defendant and Plaintiffs agree that the applicable statute of limitations period is two years. (Doc. 37, p. 13; Doc. 47, p .9). The Complaint was filed on August 15, 2016. (Doc. 1). In order the claims to fall within the applicable statute of limitations, they must not have accrued prior to August 15, 2014.

Defendant contends "none of the actions of which Plaintiffs allege in their Complaint occurred within two years preceding the filing of the Complaint." (Doc. 37, p. 13). In the Complaint, Plaintiffs claim Defendant violated their rights "as made actionable by 42 U.S.C. § 1983, when the municipality repeatedly denied the dance clubs' application to renew their licenses to operate." (Doc. 1, p. 1).

The Court finds that any actions Defendant took with regard to Bracy and the Toy Box occurred in 2013. The City Council originally entertained Mr. Bracy's request for a business license on April 4, 2013, and after tabling the request until the next Council meeting, ultimately voted to deny Bracy's

request on April 11, 2013. (*See* Doc. 37, Exhibits 4, 4-F, 4-H). Bracy never filed an appeal of the City's decision within the time allowed under the Business License Ordinance. (Doc. 37, Exhibit 4). Accordingly, Plaintiffs' action in regards to Bracy and The Toy Box accrued in April 2013, which is not within the two years preceding the filing of the Complaint.

The Court further finds that any actions Defendant took in regard to Holmes' and Suga's license is barred by the two-year statute of limitations. Former City Business License Investigator Jones does not recall conversing with Holmes about a business license in connection with Suga's. *Id.* Jones has not been able to locate a business license application or any requests for appeal related to Holmes and Suga's. *Id.* Holmes, however, testified he was in contact with Jones in January, March, and May of 2014 about his inability to obtain a business license. *Id.* As Defendant argues, "[r]egardless of which version of events is given credence," Defendant's actions in regards to Holmes and Suga's occurred more than two years before the filing of the Complaint

Plaintiffs argue their injuries did not accrue at the time Defendant denied them licenses, but rather when Plaintiffs learned that Plaintiff was "repeatedly renewing the licenses of other businesses that engage in the same or very similar activities." (Doc. 47, p. 10). According to Plaintiffs, their injury did not accrue until the fall of 2014 when they learned another location, Rainbow Lounge, was engaged in exotic dancing and other activities that were prohibited at The Toy Box. (Doc. 12, p. 47). Plaintiffs argue, "It appears

that the City of Prichard has failed to invoke this ordinance against any business with the exception of The Toy Box." *Id.*

In § 1983 claims, the action does not accrue "until the plaintiff knows or has reason to know that he has been injured. Nor will a [§] 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citations omitted). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). Furthermore, "[i]n suits for deprivation of property under section 1983, 'the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990) (citation omitted).

It is undisputed that Defendant denied Plaintiffs' request for a business license in connection with the Toy Box on April 11, 2013. (Doc. 43, p. 5 ¶ 19). On that day, Plaintiffs knew or had reason to know that they had been injured, and Plaintiffs should have been aware that it was Defendant who inflicted the injury when Defendant denied their request for The Toy Box's business license. Plaintiffs' argument that they did not know of their injury until until the fall of 2014 is belied by the evidence: Bracy's deposition testimony established that in 2013 he was aware of and discussed with

Defendant's mayor the fact that the Rainbow Lounge was conducting a similar business across the street from The Toy Box. (Doc. 49, Exhibit A, pp. 79-80). The Court concludes Plaintiffs' cause of action in regard to the business license for The Toy Box accrued in 2013. Since more than two years elapsed between the date and the filing of Plaintiffs' Complaint, the action was and is time-barred.

Defendant and Plaintiffs dispute the facts surrounding Defendant's refusal to issue a business license to Plaintiffs in connection with Suga's. The Court views the evidence in the light most favorable to Plaintiffs and draws all justifiable inferences in their favor. *Tipton,* 965 F.2d at 999. Holmes visited City Hall in January 2014 to renew his business license for Suga's. (Doc. 44-2, p. 2 ¶ 4). Holmes was directed to Jones who was responsible for issuing business licenses in Prichard. (Doc. 44-2, p. 2 ¶ 5). Jones informed Holmes "the business license was in the name of Mr. Reid and, therefore, [Mr. Reid] would have to be the one to renew the license […]." (Doc. 44-2, p. 2 ¶ 6). Jones also informed Holmes he needed to provide Defendant with paperwork showing that he was the new owner of Gulf Coast. *Id*. Holmes visited City Hall again in March 2014 and May 2014. (Doc. 44-2, p. 2 ¶ 7). Holmes provided the proper paper work, but Jones maintained that he could not get a license "until Mr. Reid visited City Hall to have his named removed from the business." *Id*. Thus, Holmes, Mr. Reid, and Bracy visited City Hall in an attempt to clarify the ownership status of Gulf Coast. (Doc. 44-2, p. 2 ¶

9). Plaintiffs argue Holmes "did everything he was asked to do by Mrs. Jones and she still refused to allow him to apply for a business license." (Doc. 47, p. 12-13).

This Court finds that Plaintiffs' argument that their action did not accrue until they found out Defendant was "repeatedly renewing the licenses of other businesses that engage in the same or very similar activities" to be without merit. The proffered evidence demonstrates that there was only one other business of a similar nature that was being licensed, the Rainbow Club, not several, and that Plaintiffs were already aware of the Rainbow Club's operations in 2013. (Doc. 49, Exhibit A, pp. 79-80). Plaintiffs' cause of action accrued, at the latest, in May 2014 when Defendant refused to allow Holmes to apply for the business license. Plaintiffs knew or had reason to know that they had been injured, and Plaintiffs should have been aware that it was Defendant who inflicted the injury when Defendant did not allow Plaintiffs to apply for a business license. Plaintiffs' cause of action accrued in May 2014 even though the full extent of their injury may not have been known until the fall of 2014. *See Wallace*, 549 U.S. at 391. If Plaintiffs' "true injury" does not accrue until they realize Defendant's "arbitrary and selective enforcement" (Doc. 47, p. 10), "the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough." *Wallace*, 549 U.S. at 391. Therefore, this Court concludes Plaintiffs' cause of action in regards to the business license for Holmes and Gulf Coast d/b/a Suga's accrued in May 2014.

Since more than two years elapsed between the date and the filing of the Complaint, the action was and is time-barred.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** , and this action is **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 9th day of November, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE